BRADLEY
*vs.*
PROCTOR.

## BRADLEY *vs.* PROCTOR.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the plaintiff, being dismissed by the defendant from finishing a certain job of work, relies upon the promise of the latter to have an estimation made of the work actually done and pay accordingly, but who neglected to cause such appraisement to be made, he ought to be bound by the estimation of appraisers appointed by himself : *Held*, that the plaintiff must show, either that the defendant concurred in the appointment of the experts, or that he was put legally in delay in relation to his promise, to make it binding.

This is an action for work and labor done by the plaintiff as a carpenter, on a sugar-house of the defendant, in which he claims a balance due, of six hundred and forty-two dollars forty-two cents, together with five hundred dollars in damages, for being dismissed before the work was completed.

The defendant pleaded the general issue; and denied specially that he was liable for any damages as alleged.

The evidence showed that while the plaintiff was at work on the defendant's sugar-house, under an agreement to do it by the job, the latter wrote him a note, " that the work done fell short of the contract, and he would not submit to it; that their contract was at an end, and he would have the work inspected and settle with the plaintiff agreeably to the value placed on it by the inspectors."

The defendant neglecting to have the inspection made, the plaintiff, nearly a month after his dismissal, called three house carpenters, who, in the presence of the defendant's overseer and son, sent to point out the defects, estimated the work actually done, at eight hundred and seventeen dollars forty-two cents, which after deducting a credit of one hundred and seventy-five dollars, leaves the sum sued for as due to the plaintiff.

The experts and others were called and examined as wit-
nesses, touching the manner in which the work was done.
The cause was submitted to a jury, without any counsel
being present for the defendant, who found for the plaintiff,
five hundred and fifty dollars, without allowing any damages.

The defendant had the verdict set aside, and a new trial
awarded.

The case was tried by the court on a re-examination of the
evidence produced by the parties.   The district judge was of
opinion upon the whole evidence of the case, that the plain-
tiff was entitled to one hundred and thirty-three dollars fifty
cents, and gave judgment accordingly.   The plaintiff being
dissatisfied with the judgment, appealed.

*Preston*, for the plaintiff, insisted that the defendant was
bound by his promise to pay the estimated value of the work
actually done by the plaintiff; and failing himself to make
the estimate as he promised, the latter had it done by master
carpenters, who pronounced it reasonably good, and worth
the sum sued for.

2. The defendant has proved by certain witnesses whom
he called to examine the work, that it became necessary to
pull it down.   The time is not shown, but it is reasonable to
suppose this examination was made, when the persons who
made it undertook to pull it down, which was since the
commencement of this suit.

3. No presumption can arise in favor of the defendant from
taking down the work, because it is the act of a party to a
suit while it is pending.

4. The district judge erred in not giving full credit to the
testimony of the experts, who examined the work.   They
were men of experience and respectability.

*Leigh*, contra.

*Bullard, J.*, delivered the opinion of the court.

The plaintiff sues to recover the value of carpenter's work
done by him, on the sugar-house of the defendant, under a

Where the plaintiff being dismissed by the defendant, from finishing a certain job of work, relies upon the promise of the latter, to have an estimation made of the work actually done, and pay accordingly, but who neglected to cause such appraisement to be made, he ought to be bound by the estimation of appraisers appointed by himself: *Held*, that the plaintiff must show, either that the defendant concurred in the appointment of the experts, or that he was put legally in delay in relation to his promise to make it binding.

contract to do a certain job, but which was not completed in consequence of his having been dismissed by the defendant, as he alleges, illegally. Judgment was rendered in his favor for a small part of his demand only, and he appealed.

The counsel for the plaintiff and appellant contends, that as the defendant offered, when he dismissed his client, to have an estimation made of the work actually done, and to pay accordingly, but neglected to cause such appraisement to be made, he ought to be bound by the estimate of appraisers appointed by himself, who estimated the work according to the account annexed to the petition. It is a sufficient answer to this argument to say, that if the appellant relies on that promise, he ought to show, either that the defendant concurred in the appointment of the experts, or that he was put legally in delay in relation to his promise. Neither of these is shown, and the court acted properly in deciding as to the value of the services rendered, according to the evidence offered on the trial, independently of any appraisement.

It is further urged, that no presumption results in favor of the defendant, from the fact that he took down and threw aside the work. It would be unreasonable as well as uncharitable to suppose, that any man would destroy what was useful to himself, out of mere wantonness. At the same time the mere fact that he demolished the work, ought to have no weight, unless it is shown, that it was either useless or not made according to contract.

The evidence relating to the value of the work done is contradictory. Some of the witnesses considering it reasonably good, and others of no value to the defendant. It is not pretended that the work was done strictly according to contract, and particular defects are shown, even by the witnesses of the plaintiff, which leave an impression on the mind, that the work was not done in a workman-like manner. The court below, with better means than we possess of testing the comparative credibility of the witnesses, allowed the plaintiff the full amount charged for extra work, and rejected altogether the charge for work done on the roof which was demolished. The evidence does not in our opinion, prepon-

derate so decidedly in favor of the plaintiff, as to authorise us to amend the judgment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.